# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39126**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Joshua P. WEEDEN**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 August 2017

————————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, confinement for 8 months, and reduction to E-1. Sentence adjudged 23 February 2016 by GCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Captain Patrick A. Clary, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and C. BROWN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

After sentence was announced, 164 days elapsed before the convening authority took final action in this case. The staff judge advocate (SJA), in consideration of this post-trial processing delay, recommended that the convening authority grant Appellant some relief. Specifically, the SJA recommended the convening authority approve only 9 of the 10 months of confinement adjudged. In his clemency request, Appellant, noting that he had demanded speedy post-trial processing, concurred with the SJA's recommendation of a reduction of

the sentence to confinement as a remedy for the unreasonable delay in post-trial processing. Citing his desire to be present at the upcoming birth of his daughter, Appellant requested a further reduction of his sentence to confinement to 8 months. The convening authority, who had previously entered a pretrial agreement to approve no more than 13 months of confinement in exchange for Appellant's plea of guilty to eight specifications chronicling extensive wrongful drug use, distribution, and introduction, approved 8 months of confinement consistent with Appellant's clemency request.

Although Appellant has not raised the issue of post-trial delay on appeal, the period of time between the announcement of his sentence and final action by the convening authority exceeded 120 days and is presumptively unreasonable. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Consequently, we are required to conduct a due process review of this post trial delay. *Id*. Accordingly, we considered the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) and whether the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Appellant claims no legally cognizable prejudice from the delay and we find none. Further, contrary to any adverse impact, we find the relief recommended by the SJA and granted by convening authority tend to *enhance* the public's perception of the fairness and integrity of the military justice system. Therefore, we find no due process violation.

Although we find no due process violation in Appellant's case, we nonetheless consider whether Article 66(c), UCMJ, 10 U.S.C. § 866(c), relief pursuant to *Tardif* is appropriate. 57 M.J. at 224. In doing so we are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[*] Considering the entirety of the post-trial processing in light of those factors, we conclude no extraordinary exercise of our Article 66(c) authority is warranted here.

---

[*] These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is nonetheless evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) whether, given the passage of time, this court can provide meaningful relief in this particular situation.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

*United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).